## McFarland's Appeal.

A court of equity will relieve from a voluntary and self-imposed trust without consideration, where its purpose has been fulfilled and there is no other reason to preserve it.

(Decided February 23, 1886.)

Appeal from a decree in equity of the Common Pleas of Chester County. Affirmed.

In July, 1853, Mary A. Brown, in contemplation of marriage with Rufus K. Love, placed $10,000 of her estate in trust, secure from any debts or liabilities of her intended husband.

She married Mr. Love, who died soon afterward. She subsequently married again. Her second husband, John Hickman, died in March, 1875, and she still remains his widow. She has two children living, one of full age and married and the other a minor.

Mrs. Hickman filed her bill to have the deed of trust revoked and annulled, and to require David McFarland, the trustee, to pay over all money and transfer all securities in his hands belonging to the trust, to her, the complainant.

In the court below was delivered the following opinion:

The trust in this case was, as the master finds, for coverture. The deed was executed by the beneficiary on the day before her marriage and in immediate contemplation of that event. The property put in trust belonged to her in her own right. By the terms of the deed, the profits were, "under all circumstances,"

NOTE.—When a deed of trust is made for the convenience of the grantor, and vests no beneficial interest in others until his death, it is revocable. Chestnut Street Nat. Bank v. Fidelity Ins. Trust & S. D. Co. 186 Pa. 333, 65 Am. St. Rep. 860, 40 Atl. 486. But the grantor cannot revoke the same without leave of the court. Neal v. Black, 177 Pa. 83, 34 L. R. A. 707, 35 Atl. 561. When the trust is made irrevocable by its terms, and is active in character, and is not shown to have been procured by fraud or imposition, the settlement will be sustained and enforced. Potter v. Fidelity Ins. Trust & S. D. Co. 199 Pa. 360, 49 Atl. 85; Kraft v. Neuffer, 202 Pa. 558, 52 Atl. 100.

As to power to revoke or set aside voluntary trust, see editorial note to Ewing v. Jones, 15 L. R. A. 75; mistake, fraud, undue influence, etc., as a ground for relief from a voluntary trust, see editorial note to Ewing v. Wilson, 19 L. R. A. 767.

to go to her for life for her "exclusive use." She gave herself the power of appointment by will, and in default of such appointment the principal to go to such persons as would be her heirs, under the intestate laws. She gave no one any interest in the estate put in trust but herself and those who might be her heirs. Under the authorities bearing on the subject of such trusts, this trust ended when the grantor became discovert. Megargee v. Naglee, 64 Pa. 216; Yarnall's Appeal, 70 Pa. 335; Ogden's Appeal, 70 Pa. 501; Tucker's Appeal, 75 Pa. 354; Williams's Appeal, 83 Pa. 390.

The coverture being the only purpose of the settlement, and being ended by the death of the husband, and she being *sui juris*, and no persons yet entitled as heirs, there is no reason to perpetuate the trust, and it should fall at her own instance. Courts of equity will relieve from a voluntary and self-imposed trust, without consideration, where its purpose has been fulfilled and there is no other reason to preserve it. Tucker's Appeal, 75 Pa. 354. The case we are considering differs from Ashhurst's Appeal, 77 Pa. 464, in this, that there the trust created by the *cestui que trust* was not made in contemplation of marriage. It provided for the payment of the income to her during life, if she should so long be unmarried, and, in case of marriage, then for her separate use, etc. That authority recognizes the distinction between such trusts and those for coverture. The trust created by the beneficiary in this case being no longer necessary for her protection, she is entitled again to receive the estate into her own hands.

In addition to this, the case comes within the principles of Russell's Appeal, 75 Pa. 269, and Rick's Appeal, 105 Pa. 528. The deed contains no power of revocation. The master finds that the plaintiff was not consulted as to her wishes in this regard, and that she had not the benefit of the advice of counsel, and the contingency of her husband dying before her was not presented to her mind; that she was then young and had had very little experience in business, and was about to marry one who was a stranger to her friends, and to remove to Ohio where he resided, and that, fearing that her property might be swept from her by the misfortunes or demands of her husband, her friends persuaded her, on the eve of her marriage, to execute the deed of trust; and that the only object was to protect her

during her married life from possible pecuniary entanglements of her husband.

Where the facts show that the deed was executed without deliberate will and without intention or motive to bind, after the reasons for executing it have passed, and the party is again *sui juris* and fully capable of managing her estate, and the rights of third persons have not intervened, and there is no reason for continuing the disability which would influence a chancellor to maintain it, equity will treat the absence of a power of revocation as a mistake of fact, and will use such mistake as a ground of equitable relief.

We will make the decree recommended by the master, that the trustee do assign and pay to the said Mary A. Hickman all securities and moneys in his hands, so that she may have and hold the same freed and discharged from any and all trusts.

Thereupon the trustee appealed.

*Joseph Hemphill* for appellant.

*Wm. B. Waddell,* for appellee.—The finding of facts by a master, approved by the court below, will only be set aside for plain error.  Kisor's Appeal, 62 Pa. 428; Sproull's Appeal, 71 Pa. 137; Burton's Appeal, 93 Pa. 214.

To overcome the findings of the master, confirmed by the court below, the mistake should be plain or the weight of evidence opposed to it clear.  Clarkson v. Norton, 31 Phila. Leg. Int. 277; Shoemaker v. Mutual Live Stock Ins. Co. 32 Phila. Leg. Int. 264, 1 W. N. C. 191; Trexler v. Mennig, 33 Phila. Leg. Int. 321, 2 W. N. C. 677.

If the trust was created for coverture, this purpose is ended by the death of the husband, and the settlor being *sui juris,* without any persons yet entitled as her heirs, the trust will cease at her own instance.  Williams's Appeal, 83 Pa. 377; Tucker's Appeal, 75 Pa. 354; Yarnall's Appeal, 70 Pa. 335; Ogden's Appeal, 70 Pa. 501; Megargee v. Naglee, 64 Pa. 216; Koenig's Appeal, 57 Pa. 352.

By the terms of the deed, the profits were, "under all circumstances," to go to the settlor for life, for her "exclusive use." She gave herself the power of appointment by will; and in default of such appointment, the principal was to go to such persons as would be her heirs under the intestate laws.  She gave

no one any interest in the estate put in trust but herself and those who might be her heirs. The settlement was a self-imposed one, and intended for coverture only. The purposes of the trust having been fulfilled, and there being no further reason to preserve it, a court of equity will relieve the settlor. Dodson v. Ball, 60 Pa. 492, 100 Am. Dec. 586; Tucker's Appeal, 75 Pa. 354; Russell's Appeal, 75 Pa. 269.

A limitation to heirs or a failure to appoint enlarges a life estate into a fee by the union of estates, and the beneficiary is entitled to demand a conveyance of the legal estate from the trustee. Dodson v. Ball, 60 Pa. 497, 100 Am. Dec. 586; Ralston v. Waln, 44 Pa. 279; Physick's Appeal, 50 Pa. 128; Nice's Appeal, 50 Pa. 143.

PER CURIAM:

On the facts found by the master, the court was clearly right in revoking the trust. The deed was executed in contemplation of immediate marriage and to protect her property, during coverture, from liability by reason of her husband's misfortunes or demands. Her coverture is now removed, and she is entirely competent to manage her property. The circumstances under which the deed was executed sufficiently explain why there was not an express power of revocation reserved therein.

Decree affirmed and appeal dismissed, at the costs of the appellant.